# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**NATALY MINKINA,**<br>                                    Debtor<br><br>**NATALY MINKINA,**<br>                                    Plaintiff<br><br>v.<br><br>**RODGERS, POWERS & SCHWARTZ, LLP,**<br>                                    Defendant | Chapter 13<br>Case No. 18-13325-FJB<br><br><br><br><br>Adversary Proceeding<br>No. 19-1035 |

### MEMORANDUM OF DECISION AND ORDER
### ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

By her complaint in the above-captioned adversary proceeding, plaintiff and chapter 13 debtor Nataly Minkina objects to and seeks equitable subordination and equitable disallowance of the claim filed in this case by the law firm of Rodgers, Powers & Schwartz, LLP ("RP&S").  The adversary proceeding is before the Court on RP&S's motion for summary judgment.  Minkina opposes the motion.

**PROCEDURAL HISTORY**

RP&S filed a proof of claim, No. 5-1, on October 24, 2018 and then an amended proof of claim, No. 10-1, on October 28, 2018. The amended claim is substantially similar to the original. Both are based on a state court judgment obtained by RP&S against Minkina on May 17, 2016, in the amount of $237,886.18. The original claim was in the total amount of $250,094.44. The amended claim increased the amount of the claim to $251,285.11 and corrected errors in calculation of the claim amount. By her

complaint in this adversary proceeding, filed on March 27, 2019, Minkina seeks relief as to the original proof of claim in three counts. In Count I, she objects to the original proof of claim on the basis of four alleged errors in its calculation; in Count II, she seeks equitable disallowance of the claim under 11 U.S.C. § 105 on six distinct factual grounds; and in Count III, she seeks equitable subordination of the claim under 11 U.S.C. § 510(c) on the same six factual grounds.

Early in the adversary proceeding, RP&S moved to dismiss the complaint on various grounds. The Court allowed the motion as to one of the four parts of Count I and denied it as to the remainder of the complaint. In its rulings on that motion, the Court also considered whether the complaint, which seeks relief as to a superseded proof of claim, was therefore moot. I held that it was not: "Minkina's challenges, as articulated in her three counts, apply in most respects to the amended claim just as they do to the original. I therefore construe the complaint as objecting to and seeking equitable relief to the amended proof of claim. So construed, it is not moot." I stand by that determination as to Counts II and III in their entirety and as to two of the four parts of Count I: the part that the Court earlier dismissed (concerning the calculation of interest, articulated in ¶¶ 75-79 of the complaint) and another (articulated in ¶ 80) that, in the present motion, RP&S now concedes is a valid objection, requiring disallowance of $22.50 (and the prepetition interest on it) of the amended claim.

As to the remaining two parts of Count I (articulated in ¶¶ 81 and 82 of the complaint), however, the amended proof of claim appears to have rendered the complaint moot. In the present motion, RP&S says that the discrepancies complained of in these two parts were corrected in the filing of the Amended Complaint. In her opposition to the motion for summary judgment, Minkina takes no issue with this contention. Accordingly, the Court now holds that the objections to claim articulated in ¶¶ 81 and 82 of the complaint are moot. The result is that Count I is now fully resolved, leaving only Counts II and III in contention.

In Count II, for "equitable disallowance," Minkina asks the court to disallow RP&S's claim to the extent of six benefits it obtained by conduct that Minkina contends was inequitable. Equity dictates that the claim should be disallowed, Minkina argues:

(i) to the extent that the underlying judgment was procured by RP&S based on its submission of fees and costs that were not actually incurred and paid by it;

(ii) to the extent that RP&S received payment from her on account of a certain July 2017 fee award based on its submission of fees and costs that were not actually paid by it, because its retention agreement with counsel was in the nature of a contingency or otherwise;

(iii) to the extent that RP&S received payment from her on account of a certain June 2018 payment order, based on its submission of fees and costs that were not actually paid by it, because its retention agreement with counsel was in the nature of a contingency or otherwise;

(iv) to the extent that her exempt assets have been depleted as a result of RP&S's efforts to force the liquidation, in whole or in part, of the same, in satisfaction of the underlying judgment, the July 2017 fee award, or the June 2018 payment order;

(v) to the extent that she incurred debt as a result of RP&S's attempts to compel payment on account of the underlying judgment, the July 2017 fee award, or the June 2018 payment order, where it knew or should have known that she was without nonexempt assets to satisfy the same; and

(vi) to the extent that she has suffered damages as a result of the filing of the present bankruptcy case, filed following her second incarceration upon the urging of RP&S, and where it knew or should have known that its representations relative to the calculation of exempt withdrawal amounts were inaccurate, or where it knew or should have

3

known that she had insufficient nonexempt assets available to pay toward the underlying judgment or satisfy the June 2018 payment order.

And in Count III, Minkina asks the Court to equitably subordinate RP&S's claim to the claims of nonpriority unsecured creditors to the same extent and for the same reasons as she would have the Court disallow the claim in Count II.

When the Court denied the motion to dismiss, RP&S filed an answer. On the same day as the answer was filed, the Court entered its standard pretrial order, requiring that discovery be completed within ninety days, by May 27, 2020. The day after entry of the pretrial order, RP&S filed the present motion for summary judgment, before any discovery had yet occurred. Minkina filed her opposition to the motion and with it a separate motion under Fed. R. Civ. P. 56(d) to defer consideration of the motion for summary judgment until such time as discovery could be completed. The Court promptly granted the motion by scheduling the hearing on the motion for summary judgment approximately 130 days thereafter, adding that, if on the basis of discovery, the Plaintiff felt a need to supplement her opposition to the Motion for Summary Judgment, she could do so on or before July 17, 2020. Minkina filed no supplement. The Court heard the motion for summary judgment on August 11, 2020, as scheduled, and took that matter under advisement.

At the conclusion of that hearing, the Court also indicated that it would defer ruling on this motion until after final disposition of a then-pending appeal from an order in Minkina's bankruptcy case on a motion by Minkina to avoid RP&S's judicial lien, which lien secured the claim that is the subject of this adversary proceeding. Though the then-pending appeal was subsequently dismissed as premature, a final order has since entered on the lien-avoidance motion, and an appeal from that order remains pending. Notwithstanding the pendency of that appeal, in view of my impending retirement from the bench, I will proceed to decide the motion for summary judgment.

4

**JURISDICTION AND AUTHORITY**

The proceeding before the Court are, in Counts I and II, an objection to a claim filed in Minkina's bankruptcy case and, in Count III, a complaint to subordinate the claim to other claims filed in the case.

Subject to exceptions not applicable here, the bankruptcy jurisdiction of the districts courts extends to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). An objection to claim arises not only in a bankruptcy case but under title 11 (the Bankruptcy Code), see 11 U.S.C. § 502(b) (authorizing court to adjudicate objections to claims), and it concerns and relates to the distribution of the assets of the estate. It therefore falls squarely in the bankruptcy jurisdiction conferred on the district courts by § 1334(b) and, pursuant to 28 U.S.C. § 157(a), referred by the district court for this district to the bankruptcy court for this district by a standing order of reference. Moreover, objections to claims are core proceedings within the meaning of § 157(b)(1) and (2). See 28 U.S.C. § 157(b)(2)(B) (core proceedings include allowance or disallowance of claims against the estate). Accordingly, the Court may hear and finally determine them. 28 U.S.C. § 157(b)(1).

Regarding the count for equitable subordination, § 510(c)(1) of the Bankruptcy Code provides that subject to exceptions not applicable here, and after notice and a hearing, "the court may—under principles of equitable subordination, subordinate for purposes of distribution, all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest." 11 U.S.C. § 510(c)(1). The Bankruptcy Code thus expressly contemplates and authorizes the conduct of proceedings for equitable subordination; and the subordination of one claim or interest to another for purposes of distribution would self-evidently have an effect on an estate being administered in bankruptcy. Accordingly, as the Court earlier concluded, Count VIII falls squarely within the bankruptcy jurisdiction established by 28 U.S.C. § 1334(b), both as "arising in" and "related to" a case, if not also as "arising under" the Bankruptcy Code. Because it would determine the priority of the claim in the distribution of estate assets, the equitable subordination count is a core proceeding within

the meaning of § 157(b)(1) and (2). See 28 U.S.C. § 157(b)(2)(B) (core proceedings include allowance or disallowance of claims against the estate). Accordingly, the Court may hear and finally determine it. 28 U.S.C. § 157(b)(1).

**SUMMARY JUDGMENT STANDARD**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), made applicable to this proceeding by Fed. R. Civ. P. 7056; see also *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 762-63 (1st Cir. 1994). Where the burden of proof at trial would fall on the party seeking summary judgment, that party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action. The evidence must be such as would permit the movant at trial to withstand a motion for directed verdict under Fed. R. Civ. P. 50(a). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Provided it does so, the burden then shifts to the opposing party to adduce evidence that establishes a genuine issue of material fact as to at least one essential element of the moving party's case. The Court must view all evidence in the light most favorable to the nonmoving party and indulge all inferences favorable to that party. *Daury v. Smith*, 842 F.2d 9, 11 (1st Cir. 1988). The ultimate burden of proving the absence of a genuine issue of material fact remains at all times on the moving party. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Martinez-Rodriguez v. Guevara*, 597 F.3d 414, 419 (1st Cir. 2010), quoting from *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

Where, as here, the moving party would not bear the burden of proof at trial, the movant's initial burden is simply to demonstrate or point out a lack of evidence to support at least one essential

element of the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). The burden then shifts to the opposing party to adduce such evidence on each of the disputed elements as at trial would be sufficient to withstand a motion for directed verdict. *Anderson v Liberty Lobby, Inc.*, 477 U.S. at 250.

**ANALYSIS**

By its motion, RP&S advances four arguments for summary judgment. The first simply addressed the three remaining parts of Count I, capitulating as to one and indicating that the other two are moot. I have addressed these above. Count I is resolved.

The second argument is that "the relevant facts are all established in the state court orders," these in turn are preclusive in this proceeding by res judicata and collateral estoppel, and this court is precluded by the Rooker-Feldman doctrine from reviewing or reversing the state court orders. RP&S makes this argument at a level of high generality but gives no specifics. Where collateral estoppel (issue preclusion) is invoked, RP&S does not identify the issues preclusively established or show that the requirements of issue preclusion are established as to each. Where res judicata is invoked, RP&S does not identify the claim as to which it is preclusive or that the requirements of res judicata are established. For these reasons, the second argument fails.

The third argument, directed at Count II, is that "there is no legal basis for the equitable disallowance of RP&S's claim." Though RP&S makes this argument in a motion labeled as one for summary judgment, the argument does not test the sufficiency of the evidence but rather, as in a Rule 12(b)(6) motion, contends that the facts articulated do not make out a claim on which relief can be granted. The standard therefore is whether the facts alleged, accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads

7

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

RP&S begins by acknowledging the precedent on which Minkina bases this count, the Supreme Court's decision in *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238 (1939), and acknowledges that this remains good law. In *Pepper*, the Supreme Court held that a bankruptcy court, exercising its equitable powers, may, in determining claims in bankruptcy, look behind the judgment on which a claim is founded "to determine the essential nature of the liability" and, in light of equitable considerations, disallow or subordinate the claim. A bankruptcy court may disallow a claim on equitable grounds if it was (among other equitable causes) "without lawful existence," "obtained by collusion of the parties," or "founded upon no real debt." *Id*., 308 U.S. 295, 305-06, 60 S.Ct. 238, 244-45. RP&S contends the six acts on which Count II is predicated are not factual bases on which, under *Pepper*, the Court may equitably disallow RP&S's claim in this case. Why are these factual bases not causes in equity for disallowance? RP&S is less than clear. By way of explanation it says that: (i) RP&S is not an insider of Minkina; (ii) RP&S was not at any relevant time a fiduciary of Minkina; (iii) there exists no corporate relationship between RP&S and Minkina that could undermine the validity of RP&S's claim; and (iv) there is no fraudulent scheme underlying the judgment that RP&S seeks to enforce through its claim. RP&S does not indicate why any of this matters. RP&S apparently contends that at least one of these four things is necessary to justify equitable relief under *Pepper*. I disagree. It is clear from *Pepper* that "the bankruptcy court has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate." *Id*., 308 U.S. at 308, 60 S.Ct. at 246. The power is a broad one and extends to any circumstance that equity might regard as cause for relief. I cannot hold that, in the six bases she advances, Minkina has not stated a plausible basis for such relief. To be sure, the precise parameters of what is possible under *Pepper* are unclear, but RP&S has articulated no basis on which I might find that Minkina's grounds are not plausible ones.

8

The fourth argument, directed at Count III, is that equitable subordination requires a showing that the claimant engaged in inequitable conduct, and that the state court proceedings have established that RP&S did not engage in inequitable conduct.  This argument relies on issue preclusion: the argument that the state court proceedings have somehow preclusively determined a required element of Minkina's case. This argument fails because RP&S has (again) entirely failed to address the requirements of issue preclusion as to the issues in question.

**ORDER**

For the reasons stated above, RP&S's Motion for Summary Judgment is hereby denied.

Date:  May 10, 2022

_____
Frank J. Bailey
United States Bankruptcy Judge